UNITED STATES DISTRICT COURT
NEVADA DISTRICT COURT

| | |
|---|---|
| AMANDA KOWALLIS, | Case No.: |
| Plaintiffs, | **Complaint for Unlawful Debt Collection Practices** |
| v. | |
| USAA SAVINGS BANK, | |
| Defendant. | |

## COMPLAINT

AMANDA KOWALLIS ("Plaintiff"), through her attorney, and hereby alleges the following against Defendant, USAA SAVINGS BANK ("Defendant"):

### INTRODUCTION

1. Plaintiff brings this action on behalf of herself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227 *et seq*.

### JURISDICTION AND VENUE

2. Defendant conducts business in the state of Nevada and therefore personal jurisdiction is established.

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. §227(b)(3). See, Mims v. Arrow Financial Services, LLC, 565 U.S. 368 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

4. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C § 1391(b)(2) because Defendant resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred.

## PARTIES

5. Plaintiff is a natural person residing in Mecklenburg county, in the city of Charlotte, North Carolina and is otherwise *sui juris*.

6. Defendant is a corporation organized under the laws of Maryland, doing business in the State of Nevada with its principal place of business located in Las Vegas, Nevada.

7. At all times relevant to this Complaint, Defendant has acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

8. Defendant is a "person" as defined by 47 U.S.C. § 153 (39).

9. Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts owed by Plaintiff.

10. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (907) 978-22XX.

11. Defendant placed collection calls to Plaintiff from phone numbers including, but not limited to, (800) 531-7013, (800) 531-0378, and (800) 531-8722.

12. Per its prior business practices, Defendant's calls were placed with an automated telephone dialing system ("auto-dialer").

13. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. §227(a)(1) to place its telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff, AMANDA KOWALLIS.

14. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. §227(b)(1)(A).

15. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

16. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial prerecorded voice on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

17. On or about December 20, 2017, at or around 4:27 p.m. Pacific Standard Time, Plaintiff spoke with Defendant's female representative at phone number (800) 531-7013 and requested that Defendant cease calling Plaintiff's cellular phone.

18. During the conversation, Plaintiff gave Defendant her name, social security number, and phone password to assist Defendant in accessing her account.

19. Plaintiff revoked any consent, explicit, implied, or otherwise, to call her cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in her conversation with Defendant's representative December 20, 2017.

20. Despite Plaintiff's request to cease, Defendant continued to place collection calls to Plaintiff through July 31, 2018.

21. Despite Plaintiff's request that Defendant cease placing automated collection calls, Defendant placed at least Ninety-one (91) automated calls to Plaintiff's cell phone.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227**

22. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-21.

23. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

24. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

25. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 et. seq.**

26. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-21.

27. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

28. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

29. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, AMANDA KOWALLIS, respectfully requests judgment be entered against Defendant, USAA SAVINGS BANK, for the following:

**FIRST CAUSE OF ACTION**

30. For statutory damages of $500.00 multiplied by the number of negligent violations of the TCPA alleged herein (91); $45,500.00;

31. Actual damages and compensatory damages according to proof at time of trial;

**SECOND CAUSE OF ACTION**

32. For statutory damages of $1,500.00 multiplied by the number of knowing and/or willful violations of TCPA alleged herein (91); 136,500.00;

33. Actual damages and compensatory damages according to proof at time of trial;

**ON ALL CAUSES OF ACTION**

34. Litigation costs and reasonable attorneys' fees;

35. Any other relief that this Honorable Court deems appropriate.

**JURY TRIAL DEMAND**

36. Plaintiff demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED,

Dated:  December 13, 2018

By:  */s/ Mathew Higbee*
Mathew K. Higbee, Esq. (11158)
HIGBEE & ASSOCIATES
2445 Fire Mesa St., Suite 150
Las Vegas, NV 89128
Phone: (714) 617-8385
Facsimile: (714) 617-8511
mhigbee@higbeeassociates.com